UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| MINIMALLY INVASIVE SURGERY HOSPITAL, INC. | ) |
| | ) |
| and | ) |
| | ) |
| THE INSTITUTE FOR ADVANCED BARIATRIC | ) |
| SURGERY, INC. | ) CASE NO. 08-CV-2637 |
| | ) KHV/JPO |
| Plaintiffs/Third Party Defendants | ) |
| v. | ) |
| | ) |
| CONNIE ARNOLD | ) |
| Defendant/Third Party Plaintiff | ) |
| and | ) |
| | ) |
| DON ARNOLD | ) |
| | ) |
| Third Party Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| DR. WANDA KANIEWSKI | ) |
| | ) |
| and | ) |
| | ) |
| DR. PARAMJEET SABHARWAL | ) |
| | ) |
| | ) |
| Third Party Defendants | ) |

**DEFENDANT CONNIE ARNOLD'S FIRST AMENDED COUNTERCLAIM
AND THIRD PARTY PLAINTIFFS CONNIE AND DON ARNOLD'S
FIRST AMENDED THIRD PARTY COMPLAINTS**

COMES NOW Defendant Connie Arnold and Third Party Plaintiffs Connie and

Don Arnold and for their First Amended Counterclaim and Third Party Complaints state

as follows:

**COUNTER CLAIM
(Connie Arnold v. MISH and The Institute)**

COMES NOW Defendant Connie Arnold by and through her attorney of record and for her causes of action against the above named Plaintiffs states as follows:

## PARTIES

**DEFENDANT:**

1.     Defendant, Connie Arnold (hereinafter "Connie Arnold") is a resident of Cass County, Missouri and at all relevant times resided at 317 Mulberry Dr., Raymore, MO 64083.

**PLAINTIFFS/THIRD PARTY DEFENDANTS:**

2.     Plaintiff, Minimally Invasive Surgery Hospital, Inc., (hereinafter "MISH") is a general hospital licensed by the State of Kansas, and at all relevant times has been incorporated in the State of Kansas, with its principal place of business located at 11217 Lakeview Ave., Lenexa, KS 66219, Johnson County, Kansas.

3.     Plaintiff, The Institute for Advanced Bariatric Surgery, Inc., (hereinafter "The Institute") is a medical practice group that provides bariatric surgery and weight management consultations, advice and surgical services to patients and at all relevant times has been incorporated in the State of Kansas, with its principal place of business located at 11217 Lakeview Ave., Lenexa, KS 66219, Johnson County, Kansas.

**THIRD PARTY DEFENDANTS:**

4.     At all times herein, Third Party Defendant, Dr. Wanda Kaniewski, (hereinafter "Kaniewski") was a resident of Johnson County,

Kansas residing at 4140 W. 147th St., Leawood, KS 66224, Johnson County, Kansas.  She is and was an agent, employee and/or principal of Plaintiffs/Third Party Defendants, MISH and The Institute.

5.    At all times herein, Third Party Defendant, Dr. Paramjeet Sabharwal (hereinafter "Sabharwal") was a resident of Johnson County, Kansas residing at 4140 W. 147th St., Leawood, KS 66224, Johnson County, Kansas.  He is and was an agent, employee and/or principal of Plaintiffs/Third Party Defendants, MISH and The Institute.

**THIRD PARTY PLAINTIFF:**

6.    Don Arnold (hereinafter "Don Arnold") is a resident of Cass County, Missouri and at all relevant times resided at 317 Mulberry Dr., Raymore, MO 64083 and at all relevant times is and has been the lawful husband of Connie Arnold.

<u>**GENERAL ALLEGATIONS**</u>

7.    All of the claims and causes of action Connie Arnold alleges herein are made after reasonable investigation and certain claims are made on information and belief.

8.    With respect to all claims and causes of action alleged herein, all corporate Plaintiffs/Third Party Defendants were at all relevant times acting by and through their respective directors, officers, agents, employees, servants, representatives, and/or partners, all of

3

whom were acting within the course and scope of their authority or apparent authority, and/or their acts or omissions were ratified.

9.   Plaintiffs/Third Party Defendants, MISH and The Institute, filed suit against Defendant/Third Party Plaintiff, Connie Arnold, in Johnson County, KS state court on November 4, 2008 alleging damages on account for services allegedly provided by MISH and The Institute for the surgery performed February 20, 2007 on Connie Arnold.

10.   The state court lawsuit filed by MISH and The Institute was properly removed to the United States District Court, District of Kansas on December 16, 2008 by a Notice of Removal filed by Connie Arnold.

## JURISDICTION

11.   Jurisdiction is proper in this Court pursuant to 28 U.S.C.A. §1332, 1441 and 1446 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

12.   This is a counterclaim arising out of the transaction or occurrence that is the subject matter of Plaintiffs' lawsuit and the counterclaim does not require adding another party over whom the court cannot acquire jurisdiction.   It is therefore appropriate for this Counterclaim to be brought in the same proceeding.

## VENUE

13.     Venue is proper in Kansas City, District Court of Kansas because the Plaintiffs/Third Party Defendants are all citizens of Johnson County, Kansas pursuant to 28 U.S.C.A. § 1332.  Additionally, the MISH/The Institute lawsuit was initiated in Johnson County, KS state court and pursuant to U.S.D.C. Rule of Prac. 81.1(a), matters removed from Johnson County, KS state court are removed to the Kansas City Division of the Federal Court of Kansas.

## FACTS

14.     The Institute and MISH operate collectively and hold themselves out as specializing in laparoscopic weight loss surgery.

15.     At all times herein Kaniewski was and is an employee, agent and/or principal of MISH and The Institute and held herself out as a general surgeon, experienced and well qualified to perform gastric bypass surgery for the purpose of treating obesity and the post operative management of such surgery.

16.     Kaniewski has appeared on numerous television stations in and around the Kansas City area, as well as nationally, on behalf of MISH and The Institute presenting MISH and The Institute as experts in the field of bariatric surgery.

17.     Kaniewski has appeared on numerous television stations in and around the Kansas City area, as well as nationally, holding herself out as an expert in the field of bariatric surgery.

18. At all times relevant to this matter Dr. Parmajeet Sabharwal has held himself out as an expert in the field of bariatric surgery and treatment.

19. Kaniewski and Sabharwal are married to each other.

20. Prior to February 20 2007, Connie Arnold suffered from morbid obesity and as a result thereof, consulted with Defendant Kaniewski at The Institute and MISH in Johnson County, Kansas for weight loss options.

21. Kaniewski performed a physical assessment of Connie Arnold and Kaniewski determined that Connie Arnold would be a suitable candidate for a laparoscopic Roux-En-Y gastric bypass surgery in an effort to foster and promote weight reduction.

22. Prior to recommending the surgery for Connie Arnold, Kaniewski was aware Connie Arnold had a significant coronary and carotid artery disease history.

23. On or about February 20, 2007, Kaniewski and Sabharwal performed a laparoscopic Roux-En-Y gastric bypass surgery (hereinafter "the surgery") on Connie Arnold at MISH.

24. Unbeknownst to Connie Arnold, Dr. Sabharwal, Kaniewski's husband and also an agent, employee and/or principal of MISH and The Institute, performed a portion if not all of the surgery on Connie Arnold.

25. The surgery took in excess of 6 hours to perform.

26. The surgeon performed a gastroplexy to affix a hiatal hernia to the left crus.

27. The surgeon failed to remove all gastric and stomach material distal to the Angle of His.

28. The surgeon used an endostitch device to place sutures.

29. The surgeon used a single layer, running technique in placing sutures during the surgery.

30. Connie Arnold was discharged from MISH and The Institute the following day, less than 24 hours after the surgery.

31. Connie Arnold was discharged with the simple instructions of, have clear liquids only for 3 days, then continue a full liquid diet, shower only for 2 weeks, remove dressing in 3 days and take pain medication.

32. On February 24, 2007 Connie Arnold was admitted to St. Joseph hospital complaining of severe pain in the left shoulder and back.

33. Connie Arnold was treated for the intense pain and released from the hospital on February 26, 2007.

34. On February 27, 2007 Connie Arnold returned to MISH and The Institute with complaints of shoulder pain.

35. Connie Arnold was told by the staff at MISH and The Institute that she was fine and to go home and take her pain medication.

36. On or about February 28, 2007 Connie Arnold was admitted to St. Joseph Hospital with severe back and abdomen pain.

37.     On or about February 28, 2007 Dr. Steven Behrends performed an exploratory laparotomy wherein he found and repaired a leak from the surgery performed by Kaniewski and Sabharwal, and found and removed a portion of infected stomach material that should have been removed in the initial surgery.

38.     The amount of damages in controversy for each count as stated below exceeds the sum of Seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

## COUNT I
### (Respondeat Superior)

For Count I Defendant, Connie Arnold, on her cause of action against Plaintiffs, MISH and The Institute, states to the court as follows:

39.     Defendant incorporates by reference all other paragraphs of this Counter Claim and the Third Party Complaints, contained below, as if fully set forth herein and further alleges as follows:

40.     Plaintiffs MISH and The Institute, at all times during the course of events as herein set forth, either employed, controlled or had the right to control the conduct of Third Party Defendants Kaniewski and Sabharwal and their office nurses and other professional employees practicing with or for Kaniewski and Sabharwal.

41.     Third Party Defendants Kaniewski and Sabharwal and their office nurses and other professional employees practicing with or for Kaniewski and Sabharwal were engaged in the prosecution of Plaintiffs' business on February 20 and 21, 2007 when Connie

8

Arnold was operated on and the medical malpractice which is the underlying event of this Counterclaim occurred.

42.    As a direct and proximate result of Third Party Defendants Kaniewski's and Sabharwal's and their office nurses' and other professional employees' medical malpractice, Defendant Connie Arnold has suffered the following but not limited to injuries: severe emotional, mental and physical pain and suffering, incurred numerous medical bills and sustained lost wages. By way of the theory of Respondeat Superior Plaintiffs MISH and The Institute are liable to Connie Arnold for injuries sustained.

WHEREFORE, on Count I, Defendant Connie Arnold prays for a judgment against Plaintiffs MISH and The Institute for such damages that are fair and reasonable in excess of Seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, for her costs incurred herein and for such further relief that the Court deems proper.

## COUNT II
## (Negligent Hiring)

For Count II Defendant, Connie Arnold, on her cause of action against Plaintiffs, MISH and The Institute, states to the court as follows:

43.    Defendant incorporates by reference all other paragraphs of this Counter Claim and the Third Party Complaints, contained below, as if fully set forth herein and further alleges as follows:

44.    Plaintiffs, at all times during the course of events as herein set forth, either employed, controlled or had the right to control the

conduct of Third Party Defendants Kaniewski and Sabharwal and their office nurses and other professional employees practicing with or for Kaniewski and Sabharwal.

45.    Plaintiffs knew or should have known of dangerous propensities of Third Party Defendants Kaniewski and Sabharwal and their office nurses and other professional employees practicing with or for Kaniewski and Sabharwal.

46.    Plaintiffs breached this duty by hiring Third Party Defendants Kaniewski and Sabharwal and their office nurses and other professional employees practicing with or for Kaniewski and Sabharwal for performance of surgery and follow up care on Connie Arnold knowing of these dangerous propensities.

47.    As a direct and proximate result of Plaintiffs' negligent hiring of Third Party Defendants Kaniewski and Sabharwals and their office nurses and other professional employees medical malpractice Defendant Connie Arnold has suffered the following but not limited to injuries:  severe emotional, mental and physical pain and suffering, incurred numerous medical bills and sustained lost wages.

WHEREFORE, on Count II, Defendant Connie Arnold prays for a judgment against Plaintiffs MISH and The Institute for such damages that are fair and reasonable in excess of Seventy-five thousand dollars ($75,000.00), exclusive of interest

and costs, for her costs incurred herein and for such further relief that the Court deems proper.

## COUNT III
## (Negligent Retention)

For Count III Defendant, Connie Arnold, on her cause of action against Plaintiffs, MISH and The Institute, states to the court as follows:

48.    Defendant incorporates by reference all other paragraphs of this Counter Claim and the Third Party Complaints, contained below, as if fully set forth herein and further alleges as follows:

49.    Plaintiffs, at all times during the course of events as herein set forth, either employed, controlled or had the right to control the conduct of Third Party Defendants Kaniewski and Sabharwal and their office nurses and other professional employees practicing with or for Kaniewski and Sabharwal.

50.    Plaintiffs knew or should have known of dangerous propensities of Third Party Defendants Kaniewski and Sabharwal and their office nurses and other professional employees practicing with or for Kaniewski and Sabharwal.

51.    Plaintiffs breached this duty by retaining the services of Third Party Defendants Kaniewski and Sabharwal and their office nurses and other professional employees practicing with or for Kaniewski and Sabharwal for performance of surgery and follow up care on Connie Arnold knowing of these dangerous propensities.

52.     As a direct and proximate result of Plaintiffs' negligent retention of Third Party Defendants Kaniewski and Sabharwals and their office nurses and other professional employees Defendant Connie Arnold has suffered the following but not limited to injuries:   severe emotional, mental and physical pain and suffering, incurred numerous medical bills and sustained lost wages.

WHEREFORE, on Count III, Defendant Connie Arnold prays for a judgment against Plaintiffs MISH and The Institute for such damages that are fair and reasonable in excess of Seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, for her costs incurred herein and for such further relief that the Court deems proper.

## COUNT IV
### (Negligent Supervision)

For Count IV Defendant, Connie Arnold, on her cause of action against Plaintiffs, MISH and The Institute, states to the court as follows:

53.     Defendant incorporates by reference all other paragraphs of this Counter Claim and the Third Party Complaints, contained below, as if fully set forth herein and further alleges as follows:

54.     Plaintiffs, at all times during the course of events as herein set forth, either employed, controlled or had the right to control the conduct of Third Party Defendants Kaniewski and Sabharwal and their office nurses and other professional employees practicing with or for Kaniewski and Sabharwal.

55. Plaintiffs knew or should have known of dangerous propensities of Third Party Defendants Kaniewski and Sabharwal and their office nurses and other professional employees practicing with or for Kaniewski and Sabharwal.

56. Plaintiffs breached this duty by failing to properly supervise Third Party Defendants Kaniewski and Sabharwal and their office nurses and other professional employees practicing with or for Kaniewski and Sabharwal for performance of surgery and follow up care on Connie Arnold knowing of these dangerous propensities.

57. As a direct and proximate result of Plaintiffs' negligent supervision of Third Party Defendants Kaniewski and Sabharwals and their office nurses and other professional employees Defendant Connie Arnold has suffered the following but not limited to injuries: severe emotional, mental and physical pain and suffering, incurred numerous medical bills and sustained lost wages.

WHEREFORE, on Count IV, Defendant Connie Arnold prays for a judgment against Plaintiffs MISH and The Institute for such damages that are fair and reasonable in excess of Seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, for her costs incurred herein and for such further relief that the Court deems proper.

## COUNT V
## (Negligence)

For Count V Defendant, Connie Arnold, on her cause of action against Plaintiff, MISH, states to the court as follows:

13

58.   Defendant incorporates by reference all other paragraphs of this Counter Claim and the Third Party Complaints, contained below, as if fully set forth herein and further alleges as follows:

59.   A hospital has a duty to a patient to exercise such reasonable care as the patient's condition may require. The degree of care depends upon the known physical ailments of the patient.

60.   By and through the acts of their employees, agents and/or principals MISH breached its duty to Connie Arnold and were negligent by and including but not limited to, the following ways:

a.   allowing non-patient approved surgeon to perform the surgery on Connie Arnold.

b.   performing the gastric bypass surgery and failing to secure the resection to the Angle of His.

c.   failing to remove all gastric and stomach material distal of the Angle of His.

d.   performing a gastroplexy to affix a hiatal hernia to the left crus.

e.   using an endostitch device and a single layer, running stitch in placing sutures during the surgery.

f.   performing surgery on Connie Arnold when they knew or should have known of the significant coronary and Carotid artery disease Connie Arnold had at the time of the surgery.

g.  discharging Connie Arnold from their care when she was not in a stable medical condition.

h.  failing to recognize signs and symptoms of serious and life threatening post operative complications which developed following the gastric bypass surgery;

i.  failing to institute and establish appropriate treatment measures, care, follow-up, testing, examinations and evaluation once Connie Arnold started experiencing and continued to experience the symptoms and complaints which went beyond the normally expected post surgical discomfort that would have been anticipated following a gastric bypass procedure;

j.  failing to, in a time manner, detect the leak and resulting infection.

k.  failing to establish a suitable protocol which would have resulted in the post operative complications of Connie Arnold being diagnosed and treated appropriately.

61.   As a direct and proximate result of MISH's negligence Defendant Connie Arnold has suffered the following but not limited to

injuries:  severe emotional, mental and physical pain and suffering, incurred numerous medical bills and sustained lost wages.

WHEREFORE, on Count V, Defendant Connie Arnold prays for a judgment against Plaintiff MISH for such damages that are fair and reasonable in excess of Seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, for her costs incurred herein and for such further relief that the Court deems proper.

### COUNT VI
### (Fraud)

For Count VI Defendant, Connie Arnold, on her cause of action against Plaintiffs, MISH and The Institute, states to the court as follows:

62.   Defendant incorporates by reference all other paragraphs of this Counter Claim and the Third Party Complaints, contained below, as if fully set forth herein and further alleges as follows:

63.   Plaintiffs MISH and The Institute directly or through the actions/or statements of their employees, agents and/or principals made the following, but not limited to statements, which were false and/or untrue material statements:

    a.   who the primary surgeon would be performing the gastric bypass procedure on Connie Arnold.

    b.   the expertise of the facility medical staff in the field of bariatric surgery and treatment

    c.   the expertise of Kaniewski as a surgeon in the field of bariatric surgery and treatment.

64.    These statements were known to be false and/or untrue by Plaintiffs, or were recklessly made without knowledge concerning the statements.

65.    Connie Arnold relied on these representations and was so induced to act based upon these representations in agreeing to have the surgery performed.

66.    Connie Arnold has been significantly damaged by the fraudulent statements and misrepresentations of Plaintiffs.

67.    As a direct and proximate result of Plaintiffs' fraud Defendant Connie Arnold has suffered the following but not limited to injuries:  severe emotional, mental and physical pain and suffering, incurred numerous medical bills and sustained lost wages.

68.    Plaintiffs' actions were willful, wanton and fraudulent and therefore Defendant Connie Arnold seeks Punitive Damages.

WHEREFORE, on Count VI, Defendant Connie Arnold prays for a judgment against Plaintiffs, for such damages that are fair and reasonable in excess of Seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, including but not limited to punitive damages, for her costs incurred herein and for such further relief that the Court deems proper.

### THIRD PARTY COMPLAINT
**(Connie and Don Arnold v. Kaniewski and Sabharwal)**

COMES NOW Third Party Plaintiffs Connie and Don Arnold by and through their attorney of record and for their causes of action against the above named Third Party Defendants state as follows:

## PARTIES

**DEFENDANT:**

69.    Defendant, Connie Arnold (hereinafter "Connie Arnold") is a resident of Cass County, Missouri and at all relevant times resided at 317 Mulberry Dr., Raymore, MO 64083.

**PLAINTIFFS/THIRD PARTY DEFENDANTS:**

70.    Plaintiff, Minimally Invasive Surgery Hospital, Inc., (hereinafter "MISH") is a general hospital licensed by the State of Kansas, and at all relevant times has been incorporated in the State of Kansas, with its principal place of business located at 11217 Lakeview Ave., Lenexa, KS 66219, Johnson County, Kansas.

71.    Plaintiff, The Institute for Advanced Bariatric Surgery, Inc., (hereinafter "The Institute") is a medical practice group that provides bariatric surgery and weight management consultations, advice and surgical services to patients and at all relevant times has been incorporated in the State of Kansas, with its principal place of business located at 11217 Lakeview Ave., Lenexa, KS 66219, Johnson County, Kansas.

**THIRD PARTY DEFENDANTS:**

72.     At all times herein, Third Party Defendant, Dr. Wanda Kaniewski, (hereinafter "Kaniewski") was a resident of Johnson County, Kansas residing at 4140 W. 147th St., Leawood, KS 66224, Johnson County, Kansas.   She is and was an agent, employee and/or principal of Plaintiffs/Third Party Defendants, MISH and The Institute.

73.     At all times herein, Third Party Defendant, Dr. Paramjeet Sabharwal (hereinafter "Sabharwal") was a resident of Johnson County, Kansas residing at 4140 W. 147th St., Leawood, KS 66224, Johnson County, Kansas.   He is and was an agent, employee and/or principal of Plaintiffs/Third Party Defendants, MISH and The Institute.

**THIRD PARTY PLAINTIFF:**

74.     Don Arnold (hereinafter "Don Arnold") is a resident of Cass County, Missouri and at all relevant times resided at 317 Mulberry Dr., Raymore, MO 64083 and at all relevant times is and has been the lawful husband of Connie Arnold.

<u>**GENERAL ALLEGATIONS**</u>

75.     All of the claims and causes of action Connie and Don Arnold allege herein are made after reasonable investigation and certain claims are made on information and belief.

76.     With respect to all claims and causes of action alleged herein, all corporate Plaintiffs/Third Party Defendants were at all relevant

times acting by and through their respective directors, officers, agents, employees, servants, representatives, and/or partners, all of whom were acting within the course and scope of their authority or apparent authority, and/or their acts or omissions were ratified.

77. Plaintiffs/Third Party Defendants, MISH and The Institute, filed suit against Defendant/Third Party Plaintiff, Connie Arnold, in Johnson County, KS state court on November 4, 2008 alleging damages on account for services allegedly provided by MISH and The Institute for the surgery performed February 20, 2007 on Connie Arnold.

78. The state court lawsuit filed by MISH and The Institute was properly removed to the United States District Court, District of Kansas on December 16, 2008 by a Notice of Removal filed by Connie Arnold.

## JURISDICTION

79. Jurisdiction is proper in this Court pursuant to 28 U.S.C.A. §1332, 1441 and 1446 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

80. This is a Third Party Complaint arising out of the transaction or occurrence that is the subject matter of Plaintiffs' lawsuit and the Third Party Complaint does not require adding another party over whom the court cannot acquire jurisdiction.   It is therefore appropriate for this Third Party Complaint to be brought in the

same proceeding.

## VENUE

81.   Venue is proper in Kansas City, District Court of Kansas because the Plaintiffs/Third Party Defendants are all citizens of Johnson County, Kansas pursuant to 28 U.S.C.A. § 1332.  Additionally, the MISH/The Institute lawsuit was initiated in Johnson County, KS state court and pursuant to U.S.D.C. Rule of Prac. 81.1(a), matters removed from Johnson County, KS state court are removed to the Kansas City Division of the Federal Court of Kansas.

## FACTS

82.   The Institute and MISH operate collectively and hold themselves out as specializing in laparoscopic weight loss surgery.

83.   At all times herein Kaniewski was and is an employee, agent and/or principal of MISH and The Institute and held herself out as a general surgeon, experienced and well qualified to perform gastric bypass surgery for the purpose of treating obesity and the post operative management of such surgery.

84.   Kaniewski has appeared on numerous television stations in and around the Kansas City area, as well as nationally, on behalf of MISH and The Institute presenting MISH and The Institute as experts in the field of bariatric surgery.

85.   Kaniewski has appeared on numerous television stations in and around the Kansas City area, as well as nationally, holding herself

out as an expert in the field of bariatric surgery.

86.  At all times relevant to this matter Dr. Parmajeet Sabharwal has held himself out as an expert in the field of bariatric surgery and treatment.

87.  Kaniewski and Sabharwal are married to each other.

88.  Prior to February 20 2007, Connie Arnold suffered from morbid obesity and as a result thereof, consulted with Defendant Kaniewski at The Institute and MISH in Johnson County, Kansas for weight loss options.

89.  Kaniewski performed a physical assessment of Connie Arnold and Kaniewski determined that Connie Arnold would be a suitable candidate for a laparoscopic Roux-En-Y gastric bypass surgery in an effort to foster and promote weight reduction.

90.  Prior to recommending the surgery for Connie Arnold, Kaniewski was aware Connie Arnold had a significant coronary and carotid artery disease history.

91.  On or about February 20, 2007, Connie Arnold consented for Kaniewski to perform laparoscopic Roux-En-Y gastric bypass surgery (hereinafter "the surgery") on her at MISH.

92.  On or about February 20, 2007, Kaniewski and Sabharwal performed a laparoscopic Roux-En-Y gastric bypass surgery (hereinafter "the surgery") on Connie Arnold at MISH.

93.  Unbeknownst to Connie Arnold, Dr. Sabharwal, Kaniewski's

husband and also an agent, employee and/or principal of MISH and The Institute, performed a portion if not all of the surgery on Connie Arnold.

94.    The surgery took in excess of 6 hours to perform.

95.    The surgeon performed a gastroplexy to affix a hiatal hernia to the left crus.

96.    The surgeon failed to remove all gastric and stomach material distal to the Angle of His.

97.    The surgeon used an endostitch device to place sutures.

98.    The surgeon used a single layer, running technique in placing sutures during the surgery.

99.    Connie Arnold was discharged from MISH and The Institute the following day, less than 24 hours after the surgery.

100.    Connie Arnold was discharged with the simple instructions of, have clear liquids only for 3 days, then continue a full liquid diet, shower only for 2 weeks, remove dressing in 3 days and take pain medication.

101.    On February 24, 2007 Connie Arnold was admitted to St. Joseph hospital complaining of severe pain in the left shoulder and back.

102.    Connie Arnold was treated for the intense pain and released from the hospital on February 26, 2007.

103.    On February 27, 2007 Connie Arnold returned to MISH and The Institute with complaints of shoulder pain.

104.   Connie Arnold was told by the staff at MISH and The Institute that she was fine and to go home and take her pain medication.

105.   On or about February 28, 2007 Connie Arnold was admitted to St. Joseph Hospital with severe back and abdomen pain.

106.   On or about February 28, 2007 Dr. Steven Behrends performed an exploratory laparotomy wherein he found and repaired a leak from the surgery performed by Kaniewski and Sabharwal, and found and removed a portion of infected stomach material that should have been removed in the initial surgery.

107.   The amount of damages in controversy for each count as stated below exceeds the sum of Seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

## COUNT VII
## (Negligence)

For Count VII Third Party Plaintiff, Connie Arnold, on her cause of action against Third Party Defendants, Kaniewski and Sabharwal, states to the court as follows:

108.   Third Party Plaintiff Connie Arnold incorporates by reference all other paragraphs of this Counter Claim and the Third Party Complaints, contained below, as if fully set forth herein and further alleges as follows:

109.   A surgeon who holds themselves out to be a specialist in a particular field of medicine has a duty to use their skill and knowledge as a specialist in a manner consistent with the special degree of skill and knowledge ordinarily possessed by other specialists in the same field

of expertise at the time of the surgery and resulting treatment. A violation of this duty is negligence.

110. Kaniewski and Sabharwal breached their duty to Connie Arnold by and through their direct acts and those of their employees, agents and/or principals in the following but not limited to ways:

      a.    allowing non-patient approved surgeon to perform the surgery on Connie Arnold.

      b.    performing the gastric bypass surgery and failing to secure the resection to the Angle of His.

      c.    failing to remove all gastric and stomach material distal of the Angle of His.

      d.    performing a gastroplexy to affix a hiatal hernia to the left crus.

      e.    using an endostitch device and a single layer, running stitch in placing sutures during the surgery.

      f.    performing surgery on Connie Arnold when they knew or should have known of the significant coronary and Carotid artery disease Connie Arnold had at the time of the surgery.

g.    discharging Connie Arnold from their care when she was not in a stable medical condition.

h.    failing to recognize signs and symptoms of serious and life threatening post operative complications which developed following the gastric bypass surgery;

i.    failing to institute and establish appropriate treatment measures, care, follow-up, testing, examinations and evaluation once Connie Arnold started experiencing and continued to experience the symptoms and complaints which went beyond the normally expected post surgical discomfort that would have been anticipated following a gastric bypass procedure;

j.    failing to, in a time manner, detect the leak and resulting infection.

k.    failing to establish a suitable protocol which would have resulted in the post operative complications of Connie Arnold being diagnosed and treated appropriately.

111.    As a direct and proximate result of Kaniewski and Sabharwal's

negligence Defendant Connie Arnold has suffered the following but not limited to injuries:  severe emotional, mental and physical pain and suffering, incurred numerous medical bills and sustained lost wages.

WHEREFORE, on Count V, Defendant Connie Arnold prays for a judgment against Third Party Defendants Kaniewski and Sabharwal for such damages that are fair and reasonable in excess of Seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, for her costs incurred herein and for such further relief that the Court deems proper.

**COUNT VIII**
**(Fraud)**

For Count VIII Third Party Plaintiffs, Connie and Don Arnold, on their cause of action against Third Party Defendants Kaniewski and Sabharwal, states to the court as follows:

112.   Third Party Plaintiffs incorporate by reference all other paragraphs of this Third Party Complaint as if fully set forth herein and further allege as follows:

113.   Third Party Defendants Kaniewski and Sabharwal made the following but not limited to statements that were false and/or untrue material statements:

a.   who the primary surgeon would be performing the gastric bypass procedure on Connie Arnold.

b.      the expertise of the facility medical staff in the field of bariatric surgery and treatment.

c.      the expertise of Kaniewski as a surgeon in the field of bariatric surgery and treatment.

114.   These statements were known to be false and/or untrue by Kaniewski and Sabharwal, or were recklessly made without knowledge concerning the statements.

115.   Connie and Don Arnold relied on these representations and were so induced to act based upon these representations in agreeing to have the surgery performed.

116.   Connie and Don Arnold have been significantly damaged by the fraudulent statements and misrepresentations of Kaniewski and Sabharwal.

117.   As a direct and proximate result of Kaniewski's and Sabharwal's fraud Defendant Connie Arnold has suffered the following but not limited to injuries:  severe emotional, mental and physical pain and suffering, incurred numerous medical bills and sustained lost wages.

118.   Don Arnold has suffered the following but not limited to injuries: the loss of loss of services, society, companionship, assistance with household chores, care, love, felicity, sexual intercourse, comfort, affection, and conjugal rights.

119.   Kaniewski's and Sabharwal's actions were willful, wanton and

fraudulent and therefore Third Party Plaintiffs Connie and Don Arnold seek Punitive Damages.

WHEREFORE, on Count VIII, Third Party Plaintiffs Connie and Don Arnold pray for a judgment against Third Party Defendants Kaniewski and Sabharwal, for such damages that are fair and reasonable in excess of Seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, including but not limited to punitive damages, for their costs incurred herein and for such further relief that the Court deems proper.

### COUNT IX
### (Loss of Consortium)

For Count IX Third Party Plaintiff, Don Arnold on his cause of action against Third Party Defendants, Kaniewski and Sabharwal, states to the court as follows:

120.    Third Party Plaintiff incorporates by reference all other paragraphs of the Counterclaim and Third Party Complaints as if fully set forth herein and further allege as follows:

121.    Third Party Plaintiff Don Arnold at all times relevant herein is and has been the lawful husband of Connie Arnold.

122.    Connie Arnold was injured as a direct result of Third Party Defendants', Kaniewski and Sabharwal, negligence as stated in Count VII above.

123.    As a direct and proximate result of the injuries sustained by Connie Arnold, Third Party Plaintiff Don Arnold has been injured in the following but not limited to ways: loss of services, society,

companionship, assistance with household chores, care, love, felicity, sexual intercourse, comfort, affection, and conjugal rights that would normally be available but for the injuries sustained by Connie Arnold.

WHEREFORE, on Count IX, Third Party Plaintiff, Don Arnold, prays for a judgment against Third Party Defendants Kaniewski and Sabharwal for such damages that are fair and reasonable in excess of Seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, for his costs incurred herein and for such further relief that the Court deems proper.

### THIRD PARTY COMPLAINT
### (Don Arnold v. MISH and The Institute)

### PARTIES

**DEFENDANT:**

124.   Defendant, Connie Arnold (hereinafter "Connie Arnold") is a resident of Cass County, Missouri and at all relevant times resided at 317 Mulberry Dr., Raymore, MO 64083.

**PLAINTIFFS/THIRD PARTY DEFENDANTS:**

125.   Plaintiff, Minimally Invasive Surgery Hospital, Inc., (hereinafter "MISH") is a general hospital licensed by the State of Kansas, and at all relevant times has been incorporated in the State of Kansas, with its principal place of business located at 11217 Lakeview Ave., Lenexa, KS 66219, Johnson County, Kansas.

126.    Plaintiff, The Institute for Advanced Bariatric Surgery, Inc., (hereinafter "The Institute") is a medical practice group that provides bariatric surgery and weight management consultations, advice and surgical services to patients and at all relevant times has been incorporated in the State of Kansas, with its principal place of business located at 11217 Lakeview Ave., Lenexa, KS 66219, Johnson County, Kansas.

**THIRD PARTY DEFENDANTS:**

127.    At all times herein, Third Party Defendant, Dr. Wanda Kaniewski, (hereinafter "Kaniewski") was a resident of Johnson County, Kansas residing at 4140 W. 147th St., Leawood, KS 66224, Johnson County, Kansas.  She is and was an agent, employee and/or principal of Plaintiffs//Third Party Defendants, MISH and The Institute.

128.    At all times herein, Third Party Defendant, Dr. Paramjeet Sabharwal (hereinafter "Sabharwal") was a resident of Johnson County, Kansas residing at 4140 W. 147th St., Leawood, KS 66224, Johnson County, Kansas.   He is and was an agent, employee and/or principal of Plaintiffs/Third Party Defendants, MISH and The Institute.

**THIRD PARTY PLAINTIFF:**

129.    Don Arnold (hereinafter "Don Arnold") is a resident of Cass County, Missouri and at all relevant times resided at 317 Mulberry

Dr., Raymore, MO 64083 and at all relevant times is and has been the lawful husband of Connie Arnold.

## **GENERAL ALLEGATIONS**

130. All of the claims and causes of action Don Arnold alleges herein are made after reasonable investigation and certain claims are made on information and belief.

131. With respect to all claims and causes of action alleged herein, all corporate Plaintiffs/Third Party Defendants were at all relevant times acting by and through their respective directors, officers, agents, employees, servants, representatives, and/or partners, all of whom were acting within the course and scope of their authority or apparent authority, and/or their acts or omissions were ratified.

132. Plaintiffs/Third Party Defendants, MISH and The Institute, filed suit against Defendant/Third Party Plaintiff, Connie Arnold, in Johnson County, KS state court on November 4, 2008 alleging damages on account for services allegedly provided by MISH and The Institute for the surgery performed February 20, 2007 on Connie Arnold.

133. The state court lawsuit filed by MISH and The Institute was properly removed to the United States District Court, District of Kansas on December 16, 2008 by a Notice of Removal filed by Connie Arnold.

## **JURISDICTION**

134.   Jurisdiction is proper in this Court pursuant to 28 U.S.C.A. §1332, 1441 and 1446 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

135.   This is a counterclaim arising out of the transaction or occurrence that is the subject matter of Plaintiffs' lawsuit and the counterclaim does not require adding another party over whom the court cannot acquire jurisdiction.   It is therefore appropriate for this Counterclaim to be brought in the same proceeding.

## VENUE

136.   Venue is proper in Kansas City, District Court of Kansas because the Plaintiffs/Third Party Defendants are all citizens of Johnson County, Kansas pursuant to 28 U.S.C.A. § 1332.  Additionally, the MISH/The Institute lawsuit was initiated in Johnson County, KS state court and pursuant to U.S.D.C. Rule of Prac. 81.1(a), matters removed from Johnson County, KS state court are removed to the Kansas City Division of the Federal Court of Kansas.

## FACTS

137.   The Institute and MISH operate collectively and hold themselves out as specializing in laparoscopic weight loss surgery.

138.   At all times herein Kaniewski was and is an employee, agent and/or principal of MISH and The Institute and held herself out as a general surgeon, experienced and well qualified to perform gastric bypass surgery for the purpose of treating obesity and the

post operative management of such surgery.

139.   Kaniewski has appeared on numerous television stations in and around the Kansas City area, as well as nationally, on behalf of MISH and The Institute presenting MISH and The Institute as experts in the field of bariatric surgery.

140.   Kaniewski has appeared on numerous television stations in and around the Kansas City area, as well as nationally, holding herself out as an expert in the field of bariatric surgery.

141.   At all times relevant to this matter Dr. Parmajeet Sabharwal has held himself out as an expert in the field of bariatric surgery and treatment.

142.   Kaniewski and Sabharwal are married to each other.

143.   Prior to February 20 2007, Connie Arnold suffered from morbid obesity and as a result thereof, consulted with Defendant Kaniewski at The Institute and MISH in Johnson County, Kansas for weight loss options.

144.   Kaniewski performed a physical assessment of Connie Arnold and Kaniewski determined that Connie Arnold would be a suitable candidate for a laparoscopic Roux-En-Y gastric bypass surgery in an effort to foster and promote weight reduction.

145.   Prior to recommending the surgery for Connie Arnold, Kaniewski was aware Connie Arnold had a significant coronary and carotid artery disease history.

146.　On or about February 20, 2007, Kaniewski and Sabharwal performed a laparoscopic Roux-En-Y gastric bypass surgery (hereinafter "the surgery") on Connie Arnold at MISH.

147.　Unbeknownst to Connie Arnold, Dr. Sabharwal, Kaniewski's husband and also an agent, employee and/or principal of MISH and The Institute, performed a portion if not all of the surgery on Connie Arnold.

148.　The surgery took in excess of 6 hours to perform.

149.　The surgeon performed a gastroplexy to affix a hiatal hernia to the left crus.

150.　The surgeon failed to remove all gastric and stomach material distal to the Angle of His.

151.　The surgeon used an endostitch device to place sutures.

152.　The surgeon used a single layer, running technique in placing sutures during the surgery.

153.　Connie Arnold was discharged from MISH and The Institute the following day, less than 24 hours after the surgery.

154.　Connie Arnold was discharged with the simple instructions of, have clear liquids only for 3 days, then continue a full liquid diet, shower only for 2 weeks, remove dressing in 3 days and take pain medication.

155.　On February 24, 2007 Connie Arnold was admitted to St. Joseph hospital complaining of severe pain in the left shoulder and back.

156.   Connie Arnold was treated for the intense pain and released from the hospital on February 26, 2007.

157.   On February 27, 2007 Connie Arnold returned to MISH and The Institute with complaints of shoulder pain.

158.   Connie Arnold was told by the staff at MISH and The Institute that she was fine and to go home and take her pain medication.

159.   On or about February 28, 2007 Connie Arnold was admitted to St. Joseph Hospital with severe back and abdomen pain.

160.   On or about February 28, 2007 Dr. Steven Behrends performed an exploratory laparotomy wherein he found and repaired a leak from the surgery performed by Kaniewski and Sabharwal, and found and removed a portion of infected stomach material that should have been removed in the initial surgery.

161.   The amount of damages in controversy for each count as stated below exceeds the sum of Seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

## COUNT X
## (Fraud)

For Count X Third Party Plaintiff, Don Arnold, on his cause of action against Third Party Defendants, MISH and The Institute, states to the court as follows:

162.   Third Party Plaintiff incorporates by reference all other paragraphs of the Counterclaim and Third Party Complaints as if fully set forth herein and further allege as follows:

163.   Third Party Defendants MISH and The Institute directly or through

the actions/or statements of their employees, agents and/or principals made the following, but not limited to statements which were false and/or untrue material statements:

    a.    who the primary surgeon would be performing the gastric bypass procedure on Connie Arnold.

    b.    the expertise of the facility medical staff in the field of bariatric surgery and treatment

    c.    the expertise of Kaniewski as a surgeon in the field of bariatric surgery and treatment.

164. These statements were known to be false and/or untrue by Third Party Defendants, or were recklessly made without knowledge concerning the statements.

165. Don Arnold relied on these representations and was so induced to act based upon these representations in agreeing to have the surgery performed.

166. Don Arnold has been significantly damaged by the fraudulent statements and misrepresentations of Plaintiffs.

167. As a direct and proximate result of Third Party Defendants' fraud Defendant/Third Party Plaintiff Connie Arnold has suffered the following, but not limited to injuries:  severe emotional, mental and physical pain and suffering, incurred numerous medical bills and sustained lost wages.

168.     As a direct and proximate result of the injuries sustained by Connie Arnold, Third Party Plaintiff Don Arnold has been injured in the following but not limited to ways: loss of services, society, companionship, assistance with household chores, care, love, felicity, sexual intercourse, comfort, affection, and conjugal rights that would normally be available but for the injuries sustained by Connie Arnold.

169.     Third Party Defendants actions were willful, wanton and fraudulent and therefore Third Party Plaintiff Don Arnold seeks Punitive Damages.

WHEREFORE, on Count VI, Third Party Plaintiff Don Arnold prays for a judgment against Third Party Defendants MISH and The Institute, for such damages that are fair and reasonable in excess of Seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, including but not limited to punitive damages, for her costs incurred herein and for such further relief that the Court deems proper.

## COUNT XI
### (Loss of Consortium)

For Count XI Third Party Plaintiff, Don Arnold on his cause of action against Third Party Defendants, MISH and The Institute, states to the court as follows:

170.     Third Party Plaintiff incorporates by reference all other paragraphs of the Counterclaim and Third Party Complaints as if fully set forth herein and further allege as follows:

171.     Third Party Plaintiff Don Arnold at all times relevant herein is and has been the lawful husband of Connie Arnold.

172.    Connie Arnold was injured as a direct result of Third Party Defendants', MISH and The Institute, negligent acts as stated in Counts I-V above.

173.    As a direct and proximate result of the injuries sustained by Connie Arnold, Third Party Plaintiff Don Arnold has been injured in the following but not limited to ways: loss of services, society, companionship, assistance with household chores, care, love, felicity, sexual intercourse, comfort, affection, and conjugal rights that would normally be available but for the injuries sustained by Connie Arnold.

WHEREFORE, on Count XI, Third Party Plaintiff, Don Arnold, prays for a judgment against Third Party Defendants MISH and The Institute for such damages that are fair and reasonable in excess of Seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, for his costs incurred herein and for such further relief that the Court deems proper.

## **JURY TRIAL DEMAND**

174.    Defendant/Third Party Plaintiff Connie Arnold and Third Party Plaintiff Don Arnold hereby demand a trial by jury for Plaintiffs' state court claims, all Counterclaims and the Third Party Complaints.

Respectfully submitted:

**PETERSON & ASSOCIATES, PC**

_____ /s/ David M. Peterson
David M. Peterson
D. Todd Mathews
Nicholas S. Clevenger
Park Plaza Building
801 W. 47th Street, Suite 107
Kansas City, Missouri 64112
(816) 531-4440
(816) 531-0660 FAX
dmp@petersonlawfirm.com
**ATTORNEYS FOR
DEFENDANT and THIRD
PARTY PLAINTIFFS**

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct
copy of the above and foregoing document
was sent via U.S. Mail postage prepaid
on this 19th day of February, 2009 to:

**Andrew J. Nantz**
Hunter & Nantz, L.L.C.
600 Broadway, Suite 670
Kansas City, MO 64105

**Diane L. Waters**
Bennett, Bodine & Waters, PA
10111 W 87th St
Shawnee Mission, KS 66212

**Christopher Schnieders**
Wagstaff & Cartmell, LLP
4740 Grand Ave., Suite 300
Kansas City, MO 64112

**ATTORNEYS FOR PLAINTIFFS, and
THIRD PARTY DEFENDANT**

___ /s/ David M. Peterson
**ATTORNEY FOR DEFENDANT**

**and THIRD PARTY PLAINTIFFS**

Z:\Active Cases\Arnold, Connie\Pleadngs\1st amended petition.doc